UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FROSTIE ELLIS-YANCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00822-JMB |
| ) | |
| MIDWEST BLOCK & BRICK/ ) | |
| QUICKRETE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Frostie Ellis-Yancy's (1) application to proceed in district court without prepayment of fees and costs, and (2) motion to appoint counsel. Based on Plaintiff's financial information, the Court grants the application. For the following reasons, the Court denies without prejudice Plaintiff's motion to appoint counsel. Further, Plaintiff shall supplement her Complaint by submitting a copy of her EEOC notice of right-to-sue letter within 14 days.

**I.    Motion to Appoint Counsel**

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the

existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be complex.  The Court may entertain future motions for appointment of counsel as the case progresses.

**II.      EEOC's Notice of Right-to-Sue Letter**

In the Complaint, Plaintiff indicates she has received a notice of right-to-sue letter from the EEOC, but she has not attached a copy of the letter to the Complaint.  Plaintiff shall supplement the Complaint by submitting a copy of the right-to-sue letter within 14 days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs is **GRANTED**.  Doc. [5]

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice.  Doc. [3]

**IT IS FURTHER ORDERED** that Plaintiff shall supplement her Complaint by submitting a copy of her EEOC right-to-sue letter within 14 days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Dated this 27th day of October, 2025.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE