UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FROSTIE ELLIS-YANCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:25-cv-00822-JMB |
| v. ) | |
| ) | |
| MIDWEST BLOCK & BRICK/ ) | |
| QUIKRETE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This employment discrimination case is before the Court on initial review of self-represented Plaintiff Frostie Ellis-Yancey's complaint.  Upon review, the Court will dismiss Plaintiff's claims brought under Title VII for discrimination based on race, color, and gender.  The Court will issue service on Defendant Midwest Block & Brick/Quikrete Company on Plaintiff's claims brought under the Age Discrimination in Employment Act.

### Legal Standard on Initial Review

Complaints filed *in forma pauperis* by a non-prisoner are subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008) (stating that "contrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without

service"). Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000(e), *et seq*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq*. On her form complaint, she states that she was discriminated against because of her race, color, gender, and age. Doc. 1 at 5. Named as Defendant is her former employer, Midwest Block & Brick/Quikrete Company.

Plaintiff worked for Defendant for approximately 40 years. In May 2024, she sought to move to Houston, Texas to be closer to her family. She applied for a

2

transfer to Defendant's Houston office. She alleges she had a successful interview on May 15, 2024, but Defendant did not hire her for the position. In both her EEOC charge of discrimination and her complaint, she alleges this was because of her age, which was 65 or 66 at the time.

Although she does not specifically state her requested relief, she states that she is left "without health insurance until my Medicare eligibility kicks in and without paychecks to cover my expenses." Doc. 1 at 6. Liberally construed, she seeks compensation for these alleged damages.

## Discussion

Plaintiff's claims in her complaint must be like or reasonably related to the claims outlined in her administrative charge of discrimination or they are subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004). Although "an EEOC complaint need not specifically articulate the precise claim, . . . [t]he EEOC charge must provide information that would give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 899 (8th Cir. 2024) (internal citations and quotations omitted). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which

3

reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005).

Having reviewed the complaint, the charge of discrimination, and the notice of right to sue from the EEOC, the Court determines that Plaintiff has stated a plausible claim against Defendant for age discrimination in violation of the ADEA. The Court will issue service on Defendant as to these claims.

Plaintiff's claims brought under Title VII for employment discrimination based on race, color, and gender, however, will be dismissed. Plaintiff's charge of discrimination listed "age" as the only basis of discrimination. Doc. 10 at 1. The narrative portion of the charge also cites only to her age as the reason she believes she was not granted her transfer. *Id.* at 1-2 ("I believe that I have been discriminated against due to the belief I would be retiring in the near future in violation of The Age Discrimination In Employment Act of 1967."). In neither her charge nor her complaint does Plaintiff identify her race, color, or gender. Because Plaintiff has not administratively exhausted any claims of employment discrimination based on race, color, or gender, the Court will dismiss these claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims brought under Title VII of the Civil Rights Act for employment discrimination on the basis of race, color, and gender are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on Defendant Midwest Block & Brick/Quikrete Company at the address of its registered agent, Corporate Creations Network, Inc., 12747 Olive Boulevard, Suite 300B, St. Louis, Missouri, 63141-6269.

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 14th day of January, 2026.

                                                   HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE