UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FROSTIE ELLIS-YANCEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25 CV 822 JMB |
| | ) | |
| MIDWEST BLOCK & BRICK/QUIKRETE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Now pending before the Court is Defendant Midwest Block & Brick/Quikrete Company's[1] Motion to Dismiss or, in the alternative, for a More Definite Statement (Doc. 16).  For the reasons set forth below, the Motion to Dismiss is **DENIED without prejudice** and the alternative Motion for a More Definite Statement is **GRANTED**.

## Background

Plaintiff Frostie Ellis-Yancey, who is proceeding *pro se* and *in forma pauperis*, filed suit on June 4, 2025 alleging that she was discriminated against on account of her race, color, gender, and age in the summer of 2024 while working for Defendant (Doc. 1).  Plaintiff alleges that she had been employed by Defendant for 42 years.  She requested a transfer to an open position located in Houston, Texas, where she was relocating, and completed a successful interview.[2]  However, she was not offered the transfer position and was allegedly forced to retire because she had already sold her house in St. Louis and bought a house in Houston.  She states in the Complaint that another

---

[1] Defendant states that its true name is Best Block, LLC.

[2] She describes the Houston position as the "same position" as the one she held in St. Louis and notes that the Houston position opened up because the "TM" was retiring – by TM, the Court assumes Plaintiff means transportation manager.

person was transferred "without hesitation," that transfers were encouraged, and that she believes her transfer was denied because of discrimination.

In an attached Charge of Discrimination, Plaintiff states that she was discriminated against on account of her age only (Doc. 1-3). In particular, she claims that she applied for a transportation manager position in Houston and that she was forced to resign her position in St. Louis when she was not offered the position in Houston. She claims that she was denied the Houston position "due to the belief I would be retiring in the near future" (Doc. 1-3, p. 2).

On January 14, 2026, District Judge Henry E. Autry reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and found that she failed to state race, color, or gender discrimination claims (Doc. 12). Those Title VII, 42 U.S.C. §§ 200(e), *et seq.*, claims were accordingly dismissed without prejudice. As such, Plaintiff is proceeding on one claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

Defendant now seeks dismissal of Plaintif's ADEA claim or, in the alternative, a more definite statement (Docs. 16 and 17). Defendant makes two arguments: that Plaintiff did not tie any employment action with her age and that a lateral transfer is not an adverse employment action. In response, Plaintiff offers additional facts (Doc. 18). She claims that the position in Houston was offered to a much younger person, she was not offered the Houston position because Defendant believed she would retire soon, and the failure to transfer caused a lapse in health insurance and forced her to retire and accept Medicare (Doc. 18). Plaintiff also offers a number of emails between herself and Corey Crawford, the hiring manager in Houston (among a few others), discussing the interview process, setting up calls and meetings, indicating that Plaintiff would receive an offer, and ultimately stating that no offer would be forthcoming. In reply, Defendant concedes that Plaintiff has offered enough context to state that the position was not

allegedly offered because of her age.  However, Defendant notes that Plaintiff made no argument as to whether the denial of a transfer is an adverse employment action.  In light of this concession, the Court will focus on the later argument.

### Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and raise the claim for relief above a speculative level.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2).  However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions.  Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  However, even "[t]hough 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the

complaint are not matters outside the pleading." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (citation omitted).  Materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted).  Stated more comprehensively, courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." Zean, 858 F.3d at 526 (quoting Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (internal quotation and citation omitted)).  Accordingly, the Court may consider Plaintiff's Charge of Discrimination, which is attached to the Complaint and whose authenticity is not questioned, without converting Defendant's motion into one for summary judgment.

Documents filed by *pro se* parties are liberally construed; however, pleadings must allege sufficient facts to support the claims asserted.  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). In addition, this Court cannot disregard allegations and additional facts contained in Plaintiff's response to the Motion to Dismiss.  See Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996). Accordingly, the Court will consider the allegations in both Plaintiff's complaint and response.

## Discussion

To state a claim under the ADEA, Plaintiff must allege that she was at least 40 years old, that she suffered an adverse employment action, that she was meeting her employer's expectations, and that she was replaced by someone younger.  Gibson v. American Greetings Corp., 670 F.3d 844, 856 (8th Cir. 2012).  "An adverse employment action is a tangible change in working

conditions that produces a material employment disadvantage." Thomas v. Corvin, 483 F.3d 516, 529-530 (8th Cir) (quotation marks and citation omitted). Typically, this means a firing, demotion, diminished benefits, or reduction in pay and not "[m]inor changes in duties or working conditions." Kerns v. Capital Graphics, Inc., 178 F.3d 1011, 1016-7 (8th Cir. 1999). And, the failure to provide beneficial discretionary employment actions, such as a salary raise, are not adverse employment actions. See Turner v. Gonzales, 421 F.3d 688, 696 (8th Cir. 2005) (discussing retaliation); Tademe v. Saint Cloud State University, 328 F.3d 982, 992 (8th Cir. 2003) (same). "A transfer constitutes an adverse employment action when the transfer results in a significant change in working conditions or a diminution in the transferred employee's title, salary, or benefits. Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). However, at least in the context of retaliation, *the failure to transfer* an employee upon demand, with no change in salary, rank, or material conditions of employment, is not actionable. See LePique v. Hove, 217 F.3d 1012 (8th Cir. 2000); Spears v. Missouri Dep't of Corrections and Human Resources, 210 F.3d 850 (8th Cir. 2000)

In this case, Plaintiff indicates that she was denied a transfer to Houston and her Complaint and response states, or at least strongly suggests, that the transfer was a lateral move. There is no suggestion in Plaintiff's filings that the transfer was similar to a promotion, i.e., with an increase in pay, title, or conditions of employment, such that the denial of the same might be considered adverse. Bonenberger v. St. Louis Metro. Police Dep't, 810 F.3d 1103, 1107 (8th Cir. 2016) ("Denial of a sought-after transfer may constitute an adverse employment action if the transfer would result in a change in pay, rank, or *material working conditions*." (emphasis in original)); See Austin v. Minnesota Min. and Mfg. Co., 193 F.3d 992 (8th Cir. 1992) (discussing a failure to promote claim). There is also no suggestion that the failure to transfer materially affected her

future career prospects.  See Bonenberger, 810 F.3d at 1108; Spears, 210 F.3d at 853 (discussing retaliation).

As Defendant notes, Plaintiff failed to address the argument that she did not assert an adverse employment action.  Normally, the failure to respond to an argument is treated as a concession of the merits of the argument.  Muller v. Blue Diamond Growers, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023) ("Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." (quotation marks and citation omitted)).    However, in light of Plaintiff's *pro se* status and active prosecution of this case, the interests of justice allow Plaintiff the opportunity to provide a more definite statement in light of the above case authority and findings.

## Conclusion

For the foregoing reasons, Defendant Midwest Block & Brick/Quikrete Company's Now Motion to Dismiss is **DENIED without prejudice** and the alternative Motion for a More Definite Statement is **GRANTED**.  Plaintiff shall file a more definite statement by **March 27, 2026**. Plaintiff is **WARNED** that the failure to do so shall result in dismissal, without prejudice, of this lawsuit.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of March, 2026