UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FROSTIE ELLIS-YANCEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25 CV 822 JMB |
| | ) | |
| MIDWEST BLOCK & BRICK/QUIKRETE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

Now pending before the Court is Defendant Midwest Block & Brick/Quikrete Company's[1] Renewed Motion to Dismiss (Doc. 24). For the reasons set forth below, the Motion to Dismiss is **GRANTED** and this matter is **DISMISSED with prejudice**.

**Background**

Plaintiff Frostie Ellis-Yancey, who is proceeding *pro se* and *in forma pauperis*, filed suit on June 4, 2025, alleging that she was discriminated against on account of her race, color, gender, and age in the summer of 2024 while working for Defendant (Doc. 1). Plaintiff alleges that she had been employed by Defendant for 42 years. She requested a transfer to an open position located in Houston, Texas, where she was relocating, and completed a successful interview. However, she was not offered the transfer position and felt forced to retire because she had already sold her house in St. Louis and bought a house in Houston. She states in her Complaint[2] that another person

---

[1] Defendant states that its true name is Best Block LLC.

[2] As used in this Order, the term "Complaint" refers generally to Plaintiff's allegations contained in her Complaint (Doc. 1), her Response to the first Motion to Dismiss (Doc. 18), and her More Definite Statement (Doc. 23).

was transferred "without hesitation," that transfers were encouraged, and that she believes her transfer was denied because of discrimination.

In an attached Charge of Discrimination, Plaintiff states that she was discriminated against on account of her age only (Doc. 1-3). As such, Plaintiff's race, color, and gender discrimination claims were dismissed (Doc. 12) and she is proceeding on one claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* On March 5, 2026, Defendant's first motion to dismiss was denied but Plaintiff was directed to file a more definite statement of her age discrimination claim (Doc. 22).

In her more definite statement, Plaintiff argues that the requested transfer to the Houston position was "not a lateral move but rather a transfer to a different location" (Doc. 23, ¶ M). She further argues that she was compelled to take certain actions as a result of the transfer being denied (Id., ¶ I). To support her position, Plaintiff states the following facts: she informed her manager in January 2024 that she intended to move to Houston (Id., ¶ A), she sold her home after being informed that all the necessary approvals were obtained but prior to receiving an official offer for the Houston position (Id., ¶ E), she was granted permission to stay in her home until July 10, 2024 (Id.), and she used paid time off until August 2, 2024 (Id., ¶ I). Plaintiff further states that she had not completed a Medicare form at the time that she made "the difficult decision to resign" (Id.), that she was subsequently left without insurance coverage for several months (Id., ¶ K), and that she had to request a withdrawal from her 401(k) plan while waiting for Social Security Insurance benefits to become active (Id., ¶ L). Later, a former co-worker provided an affidavit stating that Plaintiff's age was the primary reason Defendant decided not to transfer her and that the Houston position was offered to a younger, less-experienced individual (Id., ¶ J, p. 26-27).

Defendant now moves again for dismissal of Plaintiff's ADEA claim on the ground that Plaintiff has not pled an adverse action that would support her claim (Docs. 24, 25, and 27). Plaintiff argues in response that the decision to deny the transfer was an adverse action and that she was constructively discharged (Docs. 26 and 28).

**Standard**

As set forth in the Order issued on March 5, 2026 (Doc. 22), to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and raise the claim for relief above a speculative level. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint. Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2). Documents filed by *pro se* parties are liberally construed; however, pleadings must allege sufficient facts to support the claims asserted. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678.

In deciding a motion to dismiss, courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (internal citation and quotation marks omitted). Accordingly, the Court may consider Plaintiff's Charge of Discrimination, which is attached to the Complaint and whose authenticity is not questioned.

**Discussion**

As set forth in the previous order, Plaintiff must allege that she was at least 40 years old, that she suffered an adverse employment action, that she was meeting her employer's expectations, and that she was replaced by someone younger.  Gibson v. American Greetings Corp., 670 F.3d 844, 856 (8th Cir. 2012).  "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage."  Thomas v. Corvin, 483 F.3d 516, 529-30 (8th Cir. 2007) (internal quotation marks and citation omitted).  Typically, this means a firing, demotion, diminished benefits, or reduction in pay and not "[m]inor changes in duties or working conditions."  Kerns v. Capital Graphics, Inc., 178 F.3d 1011, 1016-17 (8th Cir. 1999).  Further, the failure to provide beneficial discretionary employment actions, such as a salary raise, are not adverse employment actions.  See Turner v. Gonzales, 421 F.3d 688, 696 (8th Cir. 2005) (discussing retaliation); Tademe v. Saint Cloud State University, 328 F.3d 982, 992 (8th Cir. 2003) (same).  "A transfer constitutes an adverse employment action when the transfer results in a significant change in working conditions or a diminution in the transferred employee's title, salary, or benefits."  Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000).

However, at least in the context of retaliation, *the failure to transfer* an employee upon demand, with no change in salary, rank, or material conditions of employment, is not actionable. LePique v. Hove, 217 F.3d 1012, 1013-14 (8th Cir. 2000); see also Tatom v. Georgia-Pac. Corp., 228 F.3d 926, 932 (8th Cir. 2000) (holding that the mere denial of a transfer request does not make conditions intolerable or otherwise constitute constructive discharge); Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 796-97 & n.6 (8th Cir. 1996) (affirming the district court's finding that plaintiff failed to support a claim of constructive discharge even though plaintiff's request to transfer locations was denied).

Plaintiff indicates that she was denied a transfer to Houston.  She argues that the transfer "was not a lateral move" but "a transfer to another location" (Doc. 23, ¶ M).  This characterization does not address how the decision to deny the transfer constituted an adverse employment action. There is no suggestion that a transfer to the Houston location was similar to a promotion, i.e., with an increase in pay, title, or beneficial conditions of employment, such that the denial of the same might be considered adverse.  Bonenberger v. St. Louis Metro. Police Dep't, 810 F.3d 1103, 1107 (8th Cir. 2016) ("Denial of a sought-after transfer may constitute an adverse employment action if the transfer would result in a change in pay, rank, or *material working conditions*." (emphasis in original)); see Austin v. Minnesota Min. and Mfg. Co., 193 F.3d 992 (8th Cir. 1999) (discussing a failure to promote claim).  Rather, Plaintiff states in her complaint that the open position in Houston was the "same position" as what she held at the St. Louis location (Doc. 1, ¶ 12).  There is also no suggestion that the failure to transfer her to the Houston location materially affected her future career prospects.  See Bonenberger, 810 F.3d at 1108.  Therefore, Plaintiff's pleadings fail to plausibly allege that the decision to deny the transfer was an adverse employment action.

Plaintiff argues that the Supreme Court's decision in Muldrow v. City of St. Louis, 601 U.S. 346 (2024), supports her claim because she need only show some harm to a term or condition of employment, not necessarily a significant or substantial change (Doc. 26, p. 2-3).  Under this precedent, Plaintiff contends that "even a denied lateral transfer can be adverse" (Id.).  In Muldrow, the Court held that an involuntary reassignment to a position of similar rank and pay may be actionable if it resulted in injury to the plaintiff's working conditions, such as a less regular work schedule, less visible job duties, more administrative tasks, and the loss of a take home vehicle. 601 U.S. at 359.  Plaintiff's reliance on Muldrow is misplaced.  Unlike in Muldrow, Plaintiff here does not suggest that the terms or conditions of her employment were diminished or different due

to the decision to deny the voluntary transfer.  Plaintiff instead alleges that she lost job stability, suffered financial harm, lost health insurance, and was forced to withdraw from retirement savings.  These injuries, however, are not related to an involuntary transfer or because her employer made a decision about her employment;  rather Plaintiff's own decision to move, prior to securing a transfer, caused her harm.  Accordingly, Plaintiff has not alleged that she experienced a harm to a term or condition of her employment.

Plaintiff further argues, for the first time, that she was subject to a constructive discharge (Doc. 26).  The claims in a complaint must be like or reasonably related to the claims outlined in the administrative charge.  See, e.g., Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004);  see also Ringhofer v. Mayo Clinic, Ambulance, 102 F.4th 894, 899 (8th Cir. 2024) (holding that an "EEOC charge must provide information that would give the employer notice of the subject matter of the charge and identify generally the basis for a claim" even though it need not articulate the precise claim) (internal quotation marks omitted).  Plaintiff did not plead a theory of constructive discharge in her charge of discrimination and it is not reasonably related to the claims of discrimination alleged in her charge.  See, e.g., Green v. Brennan, 578 U.S. 547, 548 (2016) (noting that constructive discharge operates as a discrete act that is distinct from the underlying discriminatory act in the context of administrative exhaustion); Slayden v. Ctr. for Behav. Med., 53 F.4th 464, 469 (8th Cir. 2022).  Therefore, Plaintiff cannot raise a theory of constructive discharge in this action because she has not administratively exhausted her remedies for the alleged constructive discharge.

In addition, Plaintiff failed to plead a claim for constructive discharge.  To state a claim for constructive discharge, a plaintiff must allege facts that would show that: (1) a reasonable person would find the working conditions intolerable, and (2) the employer intended to force her to quit.

Carpenter v. Con-Way Cent. Express, Inc., 481 F.3d 611, 616 (8th Cir. 2007).  The Complaint alleges only that the "terms and conditions of employment differ from those of similar employees" and not that Plaintiff was forced to quit as a result of her working conditions (Doc. 1, ¶ 10).  Her more definite statement (Doc. 23) also does not set forth any facts that support a claim of constructive discharge because her working conditions were objectively intolerable or that her employer intended to force her to quit.  Finally, a plaintiff cannot raise new claims in an opposition brief.  See Al-Saadoon v. Barr, 973 F.3d 794, 804-05 (8th Cir. 2020) (granting dismissal because the plaintiffs first raised their RFRA claim in a brief opposing the government's motion to dismiss).  Accordingly, Plaintiff has failed to adequately plead a claim of constructive discharge.

Plaintiff has been provided the opportunity to address the defects in her complaint through a more definite statement but still has not stated a claim.  Accordingly, this action should be dismissed without leave to amend and with prejudice because allowing for amendment of the complaint would be futile.  See Knowles v. TD Ameritrade Holding Corp., 2 F.4th 751, 758 (8th Cir. 2021) ("It is well settled that a district court may dismiss a complaint with prejudice under Rule 12(b)(6) when amendment of a complaint would be futile.").

The Court recognizes the difficult and unfortunate circumstances that Plaintiff faced after selling her home and being denied the transfer to the Houston location.  Although the Court is sympathetic towards these hardships, Plaintiff has not set forth any claim that she suffered an adverse job action.  See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995) (noting that "employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers" (internal citations omitted)).

**Conclusion**

For the foregoing reasons, Defendant Midwest Block & Brick/Quikrete Company's Renewed Motion to Dismiss (Doc. 24) is **GRANTED**.  This matter is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.  Judgment to enter.


/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of May, 2026